UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SILVER STATE REFRIGERATION & HVAC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JAMES KIMSEY and GERALD KOSLOW,<br><br>Defendants. | Case No. 2:14-cv-00968-APG-GWF<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>(Dkt. No. 11) |

## I.   BACKGROUND

On March 6, 2014, Silver State Refrigeration & HVAC, LLC ("Silver State") filed a complaint in the Las Vegas Justice Court.[1] Silver State pleaded claims for breach of contract against James Kimsey, foreclosure of a mechanic's lien against Gerald Koslow, and unjust enrichment against both defendants. Silver State seeks $950 in special damages, an unspecified amount of general damages, attorney's fees, and costs.

Silver State caused process to be served on Koslow, who then filed an Answer with counterclaims and third-party claims on April 4, 2014. It is unclear at this time whether Kimsey has been properly served, but, as explained below, this issue is irrelevant.

On June 17, 2014, Koslow removed the case to this Court on the basis of diversity jurisdiction.[2] He contends that the amount in controversy exceeds $75,000 and that one of the third-party defendants, American Standard/Trane, is a foreign corporation.

On July 7, 2014, I issued an Order to Show Cause ("OSC"), demanding sufficient proof and explanation of (1) whether Koslow timely removed the case under 28 U.S.C. § 1446; (2) the

---

[1] (Compl., Dkt. No. 1-2.)

[2] (Notice of Removal, Dkt. No. 1.)

citizenship of each party; and (3) how the amount in controversy exceeds $75,000.[3] On July 11, 2014, Koslow responded to the OSC, explaining that not all of the defendants had been served yet and that it would thus be improper to remand the case.[4] Several days later, Silver State moved to remand on the ground that Koslow has not established that this Court has diversity jurisdiction to hear the case.[5]

## II. ANALYSIS

### A. Legal Standard

With a few exceptions that are irrelevant for this case, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."[6] In other words, if the federal district court has subject matter jurisdiction over the case, it may be removed from state court to federal court.

Two grounds exist for subject matter jurisdiction in federal court: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.[7] Koslow raises only diversity jurisdiction as a basis for removal. Diversity jurisdiction requires that all plaintiffs be "citizens of different states" from all defendants (i.e., "complete diversity"), and that the amount in controversy exceeds $75,000.[8] "[A]n LLC is a citizen of every state of which its owners/members are citizens."[9]

---

[3] (OSC, Dkt. No. 9.)

[4] (Resp. to OSC, Dkt. No. 10.)

[5] (Mot. Remand, Dkt. No. 11.)

[6] 28 U.S.C. § 1441(a).

[7] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

[8] 28 U.S.C. § 1332(a), (b).

[9] *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

If the defendant in a removed case asserts diversity jurisdiction, she must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.[10] Removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."[11] Likewise, federal courts must "strictly construe the removal statute against removal jurisdiction."[12]

As to timing, the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based[.]"[13] If there are more than one defendant, each "properly joined and served" defendant "must join in or consent to the removal of the action."[14] In addition, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons[.]"[15] Consequently, a failed removal by one defendant does not preclude a later-served defendant from seeking to again remove the case.

**B.     Timing**

The date on which Koslow was served with the Complaint is unknown, but at the latest it was April 4, 2014—the date he filed his answer. The notice of removal was not filed until two months later—on June 17, 2014. This clearly exceeds the 30-day limit established by 28 U.S.C. § 1446(b)(1). On this basis alone, removal was improper and the case must be remanded. If Kimsey is or already has been served with process, he has 30 days to remove the case starting from the date of service. I am not implying that this Court will have subject matter jurisdiction to hear the case if removed by Kimsey, just that he has the right to remove within 30 days of being served.

---

[10] *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

[11] *Geographic Expeditions*, 599 F.3d at 1107 (internal quotation marks and citation omitted).

[12] *Id.* (internal quotation marks and citation omitted).

[13] 28 U.S.C. § 1446(b)(1).

[14] *Id.* § 1446(b)(2)(A).

[15] *Id.* § 1446(b)(2)(B).

### C. Diversity of Citizenship

Koslow has not carried his burden to establish that Silver State is diverse from both defendants. The pleadings indicate that Koslow is a Nevada citizen,[16] likewise for Kimsey.[17] Koslow does not provide the citizenship of the members of Silver State, which he must do because the citizenship of an LLC is based upon its members' citizenship. The possible foreign citizenship of a third-party defendant cannot establish diversity of citizenship as between the Silver State and the two individual defendants.

### D. Amount in Controversy

Nor has Koslow established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Koslow's own argument is self-destructive. In his response to the motion to remand, he states that "[t]he state court where [this case was] originally filed does not have . . . jurisdiction over controversies in excess of $10,000," demonstrating that Silver State's damages were limited to $10,000.[18] This is correct, as Justice Courts in Nevada are of limited jurisdiction and may hear only cases in which the amount in controversy does not exceed $10,000.[19] More to the point, Silver State seeks only $950 in special damages, and an unspecified amount of general damages. Extrapolating more than $75,000 in damages is wholly unsupported by the Koslow's scant allegations.

## III. CONCLUSION

In accord with the above, I hereby GRANT the motion to remand. I order this case remanded to the Las Vegas Justice Court.

DATED this 21st day of August, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[16] (Answer, Dkt. No. 1-3 at 6.)
[17] (Compl. ¶ 2, Dkt. No. 1-2 at 2.)
[18] (Resp. Mot. Remand, Dkt. No. 13 at 3.)
[19] NRS § 4.370(1).