**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SILVER STATE REFRIGERATION & HVAC LLC, | Case No. 2:14-cv-00968-APG-GWF |
| Plaintiff, | **ORDER** |
| v. | (Dkt. #18) |
| GERALD KOSLOW and JAMES KIMSEY, | |
| Defendants. | |

Defendants have again attempted to remove this action from Las Vegas Justice Court and reopen the case after I previously remanded it. (Dkt. #18.) In my prior remand Order, I identified three defects with defendant Gerald Koslow's removal: (1) it was untimely, (2) he did not establish diversity of citizenship, and (3) he did not establish the amount in controversy exceeds $75,000. (Dkt. #17.) Defendants still have not established the amount in controversy exceeds $75,000 and they have made no effort to do so. As I noted in my prior Order, Plaintiff Silver State Refrigeration & HVAC LLC filed suit in a court which does not have jurisdiction over controversies involving more than $10,000. (Dkt. #17 at 4.) Consequently, Silver State's damages are limited to $10,000 and thus necessarily cannot exceed $75,000. Moreover, Silver State seeks only $950 in special damages and an unspecified amount of general damages. (*Id.*; *see also* Dkt. #1-2.) Despite having this issue pointed out numerous times, Defendants make no argument and present no evidence establishing how the amount in controversy is satisfied. Defendants have not met their burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). I therefore deny the motion to remove and reopen.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the

removing party lacked an objectively reasonable basis for seeking removal." *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007).

Here, Defendants lacked an objectively reasonable basis for removal. Silver State filed suit in a court with limited jurisdiction over claims not exceeding $10,000. Thus, $10,000 is the maximum amount that could be in controversy. Moreover, Silver State's complaint sought only $950 in identified damages and an unspecified amount of general damages. There is no basis to conclude more than $75,000 is in controversy and Defendants have not even attempted to provide one. Removing this case a second time after this very defect was pointed out to them was objectively unreasonable. I therefore award to Silver State costs, including reasonable attorney's fees, incurred in responding to the second removal attempt. By February 2, 2015, Silver State shall file an affidavit and itemization of costs and attorney's fees incurred solely with respect to Defendants' Petition to Reopen Case and Amended Notice of Removal (Dkt. #18). Defendants may respond with any objections within seven days thereafter.[1]

IT IS THEREFORE ORDERED that Defendants' Petition to Reopen Case and Amended Notice of Removal (Dkt. #18) is DENIED.

IT IS FURTHER ORDERED that if Plaintiff Silver State Refrigeration & HVAC LLC wishes to recover attorneys' fees and costs, it shall file an affidavit and itemization of costs and attorney's fees incurred solely with respect to Defendants' Petition to Reopen Case and Amended Notice of Removal (Dkt. #18) by February 2, 2015.

IT IS FURTHER ORDERED that Defendants may respond with any objections within seven days thereafter.

DATED this 20th day of January, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] The parties may confer and agree to a proper amount of reasonable costs and fees without Court intervention. If they do so, they shall promptly file a notice with the Court so indicating.